U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 3 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

JACQUELINE K. WRIGHT

versus

CIVIL ACTION NO. 08-1331
JUDGE TOM STAGG

SCHINDLER ELEVATOR CORP., ET AL.

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by two of the defendants, Broadspire Services, Inc. ("Broadspire") and Crawford & Company ("Crawford") (collectively referred to as "the defendants"). See Record Document 9. For the reasons set forth below, the defendants' motion for summary judgment is **GRANTED**.

## I. BACKGROUND

On June 2, 2008,[1] Jacqueline K Wright ("Wright") was exiting the Horseshoe Casino in Bossier City, Louisiana on an escalator. She contends that the escalator "made a jerking movement causing [her] to fall backwards down to the bottom of the escalator while it continued to move upwards, hitting the bottom floor resulting in

---

[1] The court presumes that this date is in error, as the state court petition has a file stamp that appears to be of the same date. See Record Document 1, State Court Petition.

serious and disablong [sp] injuries." Record Document 1, Petition for Damages at ¶¶ 2 and 4. Wright filed suit, contending that the escalator was maintained by Schindler Elevator Corporation ("Schindler"). She further alleges that Schindler was covered by a commercial general liability insurance policy, which was sold and delivered by Crawford and Broadspire, and that Crawford and Broadspire are obligated to pay for any damages caused by the alleged negligence of Schindler under the terms of the policy. See id., Petition for Damages at ¶¶ 13-14. Crawford and Broadspire filed the instant motion for summary judgment, seeking their dismissal from the lawsuit, contending that "[t]here exists no policy of insurance by Broadspire or Crawford, providing any form of liability coverage for the alleged negligence of Schindler." Record Document 9 at 2.

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co. Inc., 402 F.3d 536, 540 (5th Cir. 2005). "[T]he nonmovant cannot satisfy [his] burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004).

**B.     Wright's Failure To Respond To The Motion.**

The defendants served on Wright a copy of their motion for summary judgment on October 2, 2008. To date, Wright has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days after service of the motion." Clearly, Wright failed to oppose the motion for summary

judgment within the required fifteen day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Wright's failure to oppose the defendants' motion for summary judgment is an insufficient basis, standing alone, for the court to grant a motion for summary judgment. See Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022-23 (5th Cir. 1995). The defendants still must establish the absence of a genuine issue of material fact before they can prevail on a summary judgment motion. See id. However, as discussed below, the court finds it appropriate to enter summary judgment against Wright as to Crawford and Broadspire.

C. **Law And Analysis.**

The defendants contend that the "sole basis for the alleged liability of [Crawford and Broadspire] are [Wright's] allegations that the [d]efendants are the insurer[s] of Schindler, and that [d]efendants maintain a policy of liability insurance obligating the [d]efendants to pay any damages caused by Schindler's alleged fault."

Record Document 9 at 4. The defendants then succinctly state: "No such policy exists." Id. In support of this statement, the defendants have provided an affidavit from Martha Nerenhausen ("Nerenhausen"), in-house counsel for Broadspire.[1] In her affidavit, Nerenhausen states:

> At all material times, neither Broadspire, nor Crawford, wrote, maintained, or issued any policy of insurance to Schindler, and neither Broadspire nor Crawford provided any liability coverage, or any form of indemnity obligation, in favor of Schindler.
>
> At all material times, neither Broadspire, nor Crawford, owned, maintained, insured, or had any contractual responsibility, whatsoever, for any escalator located within the Horseshoe Casino in Bossier City, Louisiana.
>
> At all material times, neither Broadspire, nor Crawford, ever sold or delivered a policy of commercial general liability insurance to Schindler.
>
> At all material times, there was never any commercial liability insurance policy issued by Broadspire or Crawford obligating Broadspire or Crawford to pay any damages resulting from the alleged negligence or liability of Schindler.

Record Document 9, Ex. A at 2.

Wright has presented no evidence to support the allegations contained in her complaint regarding Broadspire and Crawford. In Celotex Corp. v. Catrett, 477 U.S.

---

[1]According to Nerenhausen, Broadspire is a wholly-owned subsidiary of Crawford. See Record Document 9, Ex. A.

5

317, 324, 106 S. Ct. 2548, 2553 (1986), the Supreme Court stated that unsupported allegations in pleadings are insufficient to prevent the grant of summary judgment. Once the defendants presented summary judgment evidence that Broadspire and Crawford should be dismissed, Wright could no longer simply rest on her pleadings and unsupported allegations. See Moody v. Jefferson Parish Sch. Bd., 2 F.3d 604, 606 (5th Cir. 1993) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986)). Wright has not presented evidence that disputes the defendants' assertions that they did not issue any form of liability policy to Schindler. A party may not prevail on the bare allegations of her complaint when there is a properly supported summary judgment made against her. See First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289, 88 S. Ct. 1575, 1592 (1968). In order to survive summary judgment, Wright had to demonstrate that a genuine issue of material fact existed as to whether Crawford or Broadspire should remain defendants in the case. This she has not done.

### III. CONCLUSION

Viewing all of the summary judgment evidence in a light most favorable to Wright, the court holds that no reasonable factfinder could find any liability on the part of either Crawford or Broadspire. Accordingly, the defendants' motion for summary judgment is **GRANTED**. All of Wright's claims against Crawford and

Broadspire are **DISMISSED WITH PREJUDICE.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 30th day of October, 2008.

_____
JUDGE TOM STAGG