U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 14 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

JACQUELINE K. WRIGHT

versus

SCHINDLER ELEVATOR CORP., ET AL.

CIVIL ACTION NO. 08-1331

JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Schindler Elevator Corporation ("Schindler"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Record Document 28. Schindler contends that the plaintiff, Jacqueline K. Wright ("Wright"), has failed to provide evidence sufficient to support a finding that Schindler is liable for Wright's injuries. For the reasons set forth below, Schindler's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

On June 2, 2007, Wright was exiting the Horseshoe Casino in Bossier City, Louisiana, when she fell backwards down an escalator. Wright contends that the escalator "made a jerking movement causing [her] to fall backwards down to the bottom of the escalator while it continued to move upwards, hitting the bottom floor resulting in serious and disablong [sic] injuries." Record Document 1 at 1. Wright,

proceeding pro se, sued Schindler and its alleged insurers in state court, contending that Schindler is strictly liable for her injuries, that Schindler's negligence in maintaining the escalator caused her injuries, and that Schindler was covered by a commercial general liability insurance policy issued by Crawford & Company and Broadspire Services, Inc. See Record Document 1, Ex. A. The defendants timely removed the suit to this court based on diversity jurisdiction, and the two insurers successfully moved for summary judgment. See Record Documents 1, 12 and 13. Accordingly, Schindler is the sole remaining defendant, and its motion for summary judgment is ripe for resolution.

## II. ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co. Inc., 402 F.3d 536, 540 (5th Cir. 2005). "[T]he nonmovant cannot satisfy [his] burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004).

## B.    Strict Liability And Negligence.[1]

Wright contends that at the time of accident, "the escalator did jerk suddenly making [her] fall backwards, subjects defendants to strict liability." Record Document 1, Petition for Damages at ¶5. Wright's contention misstates Louisiana law, as strict liability no longer applies in cases of custodial liability. See La. Civ. Code Art. 2317.1. The Louisiana Civil Code provides that "[t]he owner or custodian of a thing

---

[1]This diversity case is governed by Louisiana substantive law. See Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938).

is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have prevented by the exercise of reasonable care, and that he failed to exercise reasonable care." Id. Wright also contends that "the condition of the escalator was a result of [Schindler's] negligence in failing to keep the escalator properly maintained and in good working order. . . ." Record Document 1, Petition for Damages at ¶ 6. Under a negligence theory, Wright must prove that Schindler breached its duty to exercise reasonable care to maintain the escalator and that such breach caused her injuries. See King v. Home Depot U.S.A., Inc., 729 So.2d 1149, 1152 (La. App. 1 Cir. 1999). Under either theory, Wright must present evidence that Schindler failed to exercise reasonable care in maintaining the escalator.

Schindler contends that Wright has produced no evidence to support a finding that it failed to exercise reasonable care in maintaining the escalator. See Record Document 28 at 6 - 7. Schindler provided affidavits of two of its field technicians who stated that they regularly maintained and inspected the escalator on a monthly basis and that they were unaware of any incidents in which the escalator made a "jerking movement." See id., Exs. B and F. To survive summary judgment, Wright must present evidence sufficient to create a genuine issue for trial. Conclusory allegations

4

and unsubstantiated assertions are insufficient to create a genuine issue of material fact. See Freeman, 369 F.3d at 860.

In Fleming v. Hilton Hotels Corp., 774 So.2d 174 (La. App. 4 Cir. 2000), the plaintiff sued Hilton Hotels and Schindler after she allegedly fell on a hotel escalator. Schindler successfully moved for summary judgment on the ground that the plaintiff failed to present evidence to suggest any defect or negligent maintenance of the escalator. Applying a duty/risk analysis, the Louisiana Fourth Circuit affirmed, concluding that the plaintiff failed to present any evidence of previous problems with the escalator and that none of the defendants breached any duty owed to the plaintiff. See Fleming, 774 So.2d at 178.

After review, it is evident that Wright, like the plaintiff in Fleming, did not present evidence sufficient to support a finding that Schindler failed to exercise reasonable care or breached a duty owed to Wright. In fact, Wright presented no evidence to contradict Schindler's affidavit testimony that it regularly performed inspections and maintenance on the escalator. In her opposition brief, Wright claims that the escalator was out of order one week after the accident. Even if true, her unsubstantiated assertion does not create constructive knowledge of a defect for custodial liability purposes. Wright also claims that counsel for Schindler told her that she would be paid for her medical expenses. This unsupported allegation is irrelevant

and was not considered by the court. Despite her contentions, the evidence shows that Schindler, through its technicians, performed regular inspections and maintenance on the escalator and had no knowledge of any defects in the escalator. Thus, Wright's custodial liability and negligence claims fail as a matter of law.

### III.  CONCLUSION

Viewing the summary judgment evidence in a light most favorable to Wright, the court concludes that no reasonable factfinder could find that Schindler is liable to Wright for the injuries she suffered on June 2, 2007. Wright did not present any evidence to suggest that Schindler failed to exercise reasonable care in maintaining the escalator or that it knew or should have known that it was defective. Accordingly, Schindler's motion for summary judgment is **GRANTED**. All of Wright's claims against Schindler are **DISMISSED WITH PREJUDICE**. All outstanding motions are **DENIED** as **MOOT**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 10th day of September, 2009.

_____
JUDGE TOM STAGG

6